UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

ANNELISE DANIEL,

    Plaintiff,

v.

ALEE ACADEMY, INC.,
a Not For Profit Florida Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, ANNELISE DANIEL ("Ms. Daniel" or "Plaintiff") files this Complaint against Defendant, ALEE ACADEMY, INC., ("AA" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2. This Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Lake County, Florida, and this venue is therefore proper.

5. Defendant is located and doing business in Lake County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7. Defendant was at all times an "employer" as envisioned by the ADA.

## CONDITIONS PRECEDENT

8. On or around June 20, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. On July 12, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. Ms. Daniel worked for AA, most recently as a School Counselor, from February 15, 2013, until her unlawful and retaliatory termination on April 18, 2022.

13. During her years with AA, Ms. Daniel was an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

14. After suffering COVID-9 in September of 2021, Ms. Daniel was troubled by intermittent bouts of debilitating fatigue and joint pain greatly affecting her ability to perform major life activities, such as standing or walking, among others.

15. Ms. Daniel underwent a great deal of diagnostic testing with her treating physician in order to pinpoint the cause of the flareups.

16. Ms. Daniel kept her AA Director, Cindy Emerick, aware of her physician's efforts, and asked for AA to provide the reasonable, non-burdensome accommodation of a short period of time off to be able to attend doctors appointment or seek treatment as flare ups arise.

17. In March of 2022, Ms. Emerick angrily confronted Ms. Daniel and told her that AA's patience with her disability was running thin.

18. At this time, Ms. Daniel objected to disability discrimination.

19. On March 28, 2022, Ms. Daniel's physician provided a formal diagnosis for Ms. Daniel's disability, specifically scleroderma.

20. Ms. Daniel provided AA a note from her physician, and emphasized to AA the reasonable, non-burdensome accommodation that she requested was regarding her morning arrivals because the flare ups usually occurred in the mornings and her need for periodic, but continuous office visits for treatment.

21. On April 18, 2022, Ms. Emerick told Ms. Daniel that Ms. Daniel's inability to "be reliable due to [her] illness" was "interfering with [her] job."

22. Ms. Emerick informed Ms. Daniel that AA had decided to terminate her employment, effective immediately.

23. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

24. In reality, Defendant' termination of Ms. Daniel stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA, and her objections to discrimination.

25. Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA was intended to prevent.

26. The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA, her objections regarding disability discrimination, and her termination sufficiently clear.

27. Any reason provided by Defendant for its actions is a pretext for discrimination.

28. The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

29. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA.

30. Defendant was aware of Plaintiff's ADA-protected disability and need for reasonable accommodation.

31. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

32. Ms. Daniel is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a School Counselor.

33. By reason of the foregoing, Defendant' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

34. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

35. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

36. In short, despite the availability of reasonable accommodation under the ADA, Defendant discriminated against Ms. Daniel based solely upon her disability.

37. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

38. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

39. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

40. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant' attitude toward the impairment.

41. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

42. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA.

43. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

44. Defendant did not have a good faith basis for its actions.

45. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

46. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45, above.

48. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

49. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

50. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. Plaintiff has suffered damages as a result of Defendant' illegal conduct toward her.

52. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER THE ADA BASED ON DISABILITY

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 45, above.

55. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

9

56. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

57. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

58. Plaintiff's protected activity, and her termination, are causally related.

59. Defendant' stated reasons for Plaintiff's termination are a pretext.

60. The conduct of Defendant and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

63. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 10th day of October, 2022.

    Respectfully Submitted,

By: */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com